THE PEOPLE OF THE STATE OF NEW YORK ex rel. WILLIAM CONNORS v. BERNARD REILLEY, Sheriff, etc.

*Court of Oyer and Terminer — power of, to issue writ of habeas corpus — Warrant of extradition issued by, of governor — not conclusive upon court.*

One in the custody of a sheriff, by virtue of a warrant of extradition issued by the governor directing him to deliver such person to the designated agent of the State making the requisition, is not a "person detained in the common jail of any such county, upon any criminal charge," within the meaning of section 27 of chapter 460 of 1847, authorizing a Court of Oyer and Terminer to issue a writ of *habeas corpus.*

Such court has no power to issue said writ in the case first mentioned.

*Semble,* that when an officer of this State, having authority so to do, issues a writ in such a case, the warrant of the governor is not conclusive upon him, but it is his duty, upon the return, to examine the affidavits presented to the governor, and determine whether any crime was properly or sufficiently charged therein against the prisoner. (Per Davis, P. J.)

Certiorari to the Court of Oyer and Terminer of the city and county of New York, to review an order dismissing a writ of *habeas corpus* sued out by the relator.

The relator was arrested and held by the sheriff by virtue of a mandate issued by the Governor of this State, upon the requisition of the Governor of Massachusetts. The crime with which he was charged was that of being accessory after the fact to a burglary in

Hun—Vol. XI.          12

Massachusetts. Application was made to the Governor for copies of the affidavits upon which he had acted, and he declined to furnish them.

Pending these proceedings, a second requisition was made by the Governor of Massachusetts, charging Connors with being an accessory before the fact to the same burglary, and a second mandate was received and introduced in evidence in the proceeding before the Court of Oyer and Terminer under the *habeas corpus*. The court held that it had no jurisdiction to inquire into the cause of the detention of the relator, further than to ascertain that he was the person intended by the Governor; that, as he was held under the two mandates, it appeared from these facts that the detention arose under the federal law, and was therefore exclusively cognizable in the federal tribunals.

*Chas. W. Brooke*, for the relator.

*Clarence A. Seward*, for the respondent. Where it has been established by competent evidence that the person arrested is the person intended by the Governor's mandate, a State court cannot lawfully proceed further but must remand the prisoner. When new rights are conferred, and new duties and obligations created and imposed by positive federal statutes, jurisdiction in reference thereto cannot be so conferred upon the State courts as to make it obligatory upon them to exercise it. (*Dudleye* v. *Mayhew*, 3 N. Y., 9; *Valarino* v. *Thompson*, 7 id., 576; *U. S.* v. *Lathrop*, 17 Johns., 4; *Parsons* v. *Barnard*, 7 id., 144; *Manhardt* v. *Soderstrom*, 1 Bin., 138; *Peck* v. *Jenness*, 7 How. [U. S.], 612, 624; *Martin* v. *Hunter*, 1 Wheat., 354, 355–357; *Stearns* v. *U. S.*, 2 Paine, 311.) Where the United States create a new power, to be exercised in a certain way by a designated authority, neither the lawfulness of the power, the manner of its exercise, or the acts of the designated authority are justiciable in the State courts. If examinable at all, they are only examinable by the federal judiciary, for they present a question of purely federal law. Without the provisions of the Constitution of the United States and the acts of congress, there would be no right to demand or to return fugitives from justice. There being no conceded common-law right of extradition, the people created it, and by

section 2 of article 4 of the United States Constitution, gave to every governor the right to demand the extradition, and made it obligatory on each State to comply with the demand. Congress has the exclusive power to legislate. It follows that, when congress has the exclusive power to legislate, the national courts have exclusive power to adjudicate; or, in other words, the right of exclusive legislation carries with it the right of exclusive jurisdiction. (*U. S.* v. *Cornell,* 2 Mason, 91; *U. S.* v. *Ames,* 1 W. & M., 76; *U. S.* v. *Bailey,* 9 Peters, 261; *Osborne* v. *U. S. Bank,* 9 Wheat., 818.) The State courts, therefore, like the State legislatures, have no jurisdiction over the question of inter-State extradition, save the single question of identity. It appears on the face of the return that the prisoner is held under the authority and color of the United States. The State cannot, therefore, proceed further. (*In re Husted,* 1 Johns. Cas., 136; *In re Ferguson,* 9 Johns., 239; *Ableman* v. *Booth,* 21 How., 506; *Matter of Farrand,* 1 Abb. [U. S.], 145; *Matter of Spangler,* 11 Mich., 311; *Matter of Hopson,* 40 Barb., 43; *State* v. *Zulick,* 5 Dutch., 409; *U. S.* v. *Bull,* 23 Int. Rev. Rec., 80.) If the court could go behind the mandate, what could it investigate? "The question of his guilt or innocence is wholly irrelevant." (*People* v. *Brady,* 56 N. Y., 187.) And so is every question and fact embraced therein, *i. e.,* actual presence in Massachusetts. The mandate proves itself and its recitals.

Davis, P. J.:

The return in this case is extremely defective. It does not contain the petition for the writ of *habeas corpus,* nor the writ of *habeas corpus* issued by the court, nor the return of the sheriff to such writ.

What appears in relation to them, is stated on the certified minutes of the court forming part of the return, from which it would seem that the writ of *habeas corpus* was returnable before the Court of Oyer and Terminer; that the relator was produced before that court by the sheriff of the city and county of New York, who returned that he held "the prisoner in custody on a requisition from the Governor of Massachusetts, and a warrant of surrender by the Governor of the State of New York."

A copy of the warrant, issued by the Governor of this State, is

filed with the other papers. To this return the relator filed a traverse in writing, the substance of which is as follows:

I. He denied that he was the person mentioned in the requisition and warrant.

II. He alleged that he had not seen, nor heard read, any indictment, warrant, affidavit, or other process or proceeding necessary under the provisions of the Constitution of the United States or the act of congress, in such case made and provided, as the basis of such proceeding of extradition; and he averred that such proceeding was irregular, illegal and informal, and prayed that the respondent may be put to proper and necessary proof thereof.

III. He denied that he was ever within the jurisdiction of the county of Hampshire, in the State of Massachusetts, and is not, nor has at any time been, a fugitive from the justice of said State, but is now, and has been for twelve years past, a citizen and resident of the city of New York.

Upon this traverse, the court proceeded to take proofs on the. part of the respondent and the relator. Afterwards, and on an adjourned day, leave was given to the respondent to file an additional return to the writ of *habeas corpus*, whereupon the sheriff produced and filed another warrant of extradition issued by the Governor of this State, bearing date February 27, 1877; and thereupon the relator filed a supplemental traverse to the second return, in which, after denying his identity with the person named in the requisition and warrant, he denied that the requisition and warrant were made and issued upon any indictment, affidavit or proceeding made necessary by the Constitution of the United States, and the legislative enactments thereunto referring, and demanded that the respondent be put to proof in relation thereto.

He denied, also, that he ever committed any offense in the State of Massachusetts, or ever fled therefrom; that he was ever in the county of Hampshire, in said State; or that he then was, or ever had been, a fugitive from the justice of said State; and averred that he was a citizen and resident of the State of New York, and had continuously resided therein for the past twelve years. He also averred that the demand of the Governor of the State of Massachusetts theretofore made, and the warrant of extradition previously allowed by the Governor of New York, had exhausted and deter-

mined their power and authority in the premises, and that the supplemental and additional return was void and of no effect; and he further averred several other matters of fact and legal conclusions not necessary to recite. On the filing of this supplemental traverse, the respondent demurred " to each and every allegation in said traverse, except the allegation regarding the identity of the prisoner," on which issue was joined.

The court then took proof on the issue joined upon the identity of the relator with the person sought to be extradited.

A stenographer's minutes of the proceedings and evidence, in the Court of Oyer and Terminer, and a copy of the opinion of that court (which we shall assume were intended to be a part of the return to the *certiorari*), were handed up on the argument.

From these papers it appears, in substance, that the court below, after trial of the issue joined upon the question of the identity of the relator, found as matter of fact, that the relator was the same person named and intended to be named in the several warrants. This finding of fact is based upon sufficient evidence, and will be regarded by us as conclusive.

There was no impropriety, we think, in allowing the amended return, which the sheriff filed with the court, the second warrant of extradition issued by the Governor of the State; and it was upon the effect of that warrant, as we gather from the opinion of the court, that the case was finally disposed of. The affidavits upon which that warrant was issued were not presented to the court; and it would seem that the Governor of the State had refused to produce the originals or to allow copies thereof to be taken for the purpose of using the same as evidence on the hearing. These affidavits were not, therefore, in evidence before the court.

After disposing of the question of identity as one of fact, the court below dismissed the writ and remanded the relator, on the ground that it had no jurisdiction to entertain or determine any other question, but that jurisdiction of all other questions belonged exclusively to the federal courts. This was in effect sustaining the demurrer of the respondents to the supplemental traverse of the relator, and, so far as the allegations of the traverse are well pleaded, deciding them adversely to the relator.

The decision of the court, in this respect, seems to us to be in

direct conflict with that of the Court of Appeals in *The People ex rel. Lawrence* v. *Brady* (56 N. Y., 182). In that case the Court of Appeals held, that it was competent to go behind the warrant of the Governor, and examine the affidavits presented to him, for the purpose of determining whether any crime was properly or sufficiently charged therein, against the relator ; or, in other words, that the decision of the Governor upon that question under the act of congress, was not conclusive, but was open for review, by any court or officer having authority to issue the writ of *habeas corpus.* Whether we regard that decision, or the reasonings of the court in support of it, as sound and satisfactory, is not important. We are controlled by the decision, so far as it disposes of the question presented by the case then before the court. And we are therefore constrained, of necessity, to hold that the jurisdiction of the court of Oyer and Terminer (if it had any whatever in the case) was not restricted to the mere question of the identity of the relator with the person named in the warrants.

The traverse of the relator distinctly denied that the requisition was made by the Governor of the State of Massachusetts, or the warrant of extradition issued by the Governor of New York, " upon any indictment, affidavit or proceeding made necessary by the Constitution and the legislative enactments thereunder." This traverse was bad pleading in form, but it was not disposed of on any such ground ; and we must regard it as substantially averring that no sufficient facts were presented to the executives named.

·This brings the decision of the court below sharply in conflict with that of the Court of Appeals, in the case above cited ; and while that decision stands as the law of the State we must necessarily regard ourselves as being bound by it.

But we think the decision of the Court of Oyer and Terminer which dismissed the writ, and remanded the relator, may properly be sustained upon another ground. The only jurisdiction which the Court of Oyer and Terminer has, either to issue any writ of *habeas corpus* (except the writ *ad testificandum,* power to issue which is given to every court of record), or to hear the same upon the return thereto, is derived from section 27 of chapter 460 of the Laws of 1847 (Session Laws of 1847, p. 599), which is in these words :

" Section 27. After the Court of Oyer and Terminer shall com-

mence it sittings in any county, no prisoner detained in the common jail of any such county, upon any criminal charge, shall be removed therefrom by any writ of *habeas corpus*, unless such writ shall have been issued by such court of Oyer and Terminer, or shall be made returnable before it." The *habeas corpus* act, which gives this writ for the purpose of inquiring into the cause of detention (2 R. S., 563, 564, § 23), distinctly provides to what courts and officers application for such writ may be made, and courts of Oyer and Terminer are not among the number. The Court of Oyer and Terminer has no original jurisdiction to issue the writ, or to hear the proceedings upon the return thereof; and we know of no statute which confers such power upon that court, except that contained in the act of 1847. That act relates expressly to persons detained in the common jail of the county upon any criminal charge while the Oyer and Terminer is in actual session. The return in this case, as stated in the minutes of the court, shows that the relator was detained in the custody of the sheriff, by virtue of a warrant of extradition issued by the Governor of this State upon a requisition issued by the Governor of Massachusetts; and the warrant of the governor of this State shows that the authority of the sheriff was to arrest and deliver the relator to the designated agent of the State of Massachusetts. He was not a prisoner detained in the common jail of the county of New York upon any criminal charge, within the meaning of the twenty-seventh section of the act of 1847 above quoted, and the Court of Oyer and Terminer had, therefore, no power, as such court, to issue the writ, or to hear and determine the issue joined upon the return. The justice of the Supreme Court who presided at the Oyer and Terminer had, of course, under the Revised Statutes, as such justice, the most ample authority, but he did not sit or act in his capacity of such justice. The whole proceeding, as appears by the return and record before us, was in and before the Court of Oyer and Terminer. The return is made by the clerk of the court under its seal; and we cannot go outside of it for the purpose of contradicting its verity.

That court had no authority to do any thing further than dismiss the writ for want of jurisdiction, and remand the relator; for this reason the writ was properly dismissed, and the relator remanded to

the custody of the sheriff, and the order thus disposing of the proceedings should be affirmed.

This question was not raised upon the argument before us, nor was it suggested in the court below; but the want of jurisdiction in that court appears so palpably upon the face of the record, that we think it our duty to dispose of the case by dismissing the writ of *certiorari* and the writ of *habeas corpus*, and directing that the relator be remanded to the custody of the sheriff.

DANIELS, J.:

The writ of *habeas corpus* appears, upon inspection of it, to have been allowed by, and made returnable before, Mr. Justice BRADY, as one of the justices of the Supreme Court; and all the indorsements made upon it, and upon the return made to it, indicate that he acted throughout only in that capacity, and the writ of *certiorari* does not seem to have been served upon him, neither has any return been made to it by him.

The only proceeding returned is that certified by the clerk of the Court of Oyer and Terminer, before which that instituted by the *habeas corpus* was not pending.

I accordingly concur in the direction that the writ of *certiorari* should be dismissed.

Present — DAVIS, P. J., BRADY and DANIELS, JJ.

*Certiorari* and *habeas corpus* dismissed ; relator remanded.